CORNELL STEAMBOAT COMPANY, as owner of the tug CORNELL NO. 20, Libelant,

v.

UNITED STATES of America, Respondent.

CORNELL STEAMBOAT COMPANY, as owner of the tug CORNELL NO. 20, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court S. D. New York.

March 21, 1956.

Kirlin, Campbell & Keating, New York City, for Cornell Steamboat Co. Edwin S. Murphy, Paul F. McGuire, New York City, of counsel.

Paul W. Williams, U. S. Atty., New York City, for the United States, and Louis E. Greco, Atty., Dept. of Justice, Washington, D. C.

DIMOCK, District Judge.

The record in these cases contains inconsistent directions made by me as to the payment of costs by the Government in the admiralty suit. The Government proposed a conclusion of law that the Cornell Steamboat Company was entitled to a decree for half damages and half costs. The Cornell Steamboat Company proposed a conclusion of law that it was entitled to a decree for half damages and costs. Without noticing the difference I made a notation with respect to each request that I had made the conclusion desired.

 I have resolved the conflict by entering a decree for full costs in the admiralty suit although I am persuaded that costs are in the discretion of the court in such a suit as this under the Public Vessels Act, 46 U.S.C. § 781 et seq.

A compelling reason in this case for awarding full costs in the admiralty suit is the fact that any other course would result in a decree for a different amount in the admiralty suit from the judgment in the suit under the Federal Tort Claims Act. Unlike costs under the Public Vessels Act as interpreted by me, costs under the Federal Tort Claims Act are mandatory, 28 U.S.C. § 2412(c). 6 Moore, Federal Practice, par. 54.75, p. 1342. Part of the plan worked out for concurrent treatment of the two cases was that the awards should be interchangeable.